UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHENELLE MILLER-WEBB,

    Plaintiffs,

vs.                                                    Case No. 13-13653

GENESEE COUNTY, ANITA GALAJDA,          HON. AVERN COHN
DONITA PIKES, jointly and severally,

    Defendants.
_____/

**MEMORANDUM AND ORDER**
**BIFURCATING COUNTS VIII AND IX**
**AND**
**REMANDING COUNTS I - VII TO OAKLAND COUNTY CIRCUIT COURT**[1]

I.  Introduction

This is a wrongful discharge case.  Plaintiff is suing her former employer, Genesee County, and two county employees, Anita Galajda, and Donita Pikes.  The complaint was filed in Genesee County Circuit Court; it asserts the following claims:

    Count I      wrongful discharge

    Count II     breach of implied employment contract

    Count III    breach of employment contract

    Count IV    discharge against public policy

    Count V     violation of Elliot Larsen (race based) against Genesee County

    Count VI    violation of Elliot Larsen (race based) against Galajda

---

[1]Although originally scheduled for hearing, upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

    Count VII    violation of Elliot Larsen (race based) against Pikes

    Count VIII    violation of procedural due process

    Count IX[2]    disparate treatment

Defendants removed the case to federal court on the grounds of federal question jurisdiction. Before the Court is plaintiff's motion to remand on the grounds that the state law claims predominate. (Doc. 3). Also pending before the Court is defendants' motion to dismiss Counts I - IV and Counts VIII and IX. (Doc. 6).

For the reasons that follow, Counts VIII and IX will be bifurcated. The remaining claims, Counts I- VII, will be remanded to state court. The case will proceed in this Court on claims VIII and IX, subject to defendants' motion to dismiss.

## II. Background

### A.

Plaintiff, an African-American woman, began working for Genesee County in 2001. In March of 2001, she was promoted to a Human Resources Representative and became a "just cause" employee. Plaintiff alleges that Galajda, the current Assistant Human Resources Director, was upset with plaintiff's promotion, believing plaintiff was promoted only because of her race. In March of 2013, plaintiff alleges that Pikes, the Director of Human Resources, told plaintiff that Galajda was looking for a reason to discipline plaintiff. On June 11, 2012, Galajda confronted plaintiff about information allegedly being leaked from the Human Resources Department. Plaintiff denied leaking any information. On June 17, 2013, plaintiff received a "Loudermill" notice, setting a

---

[2]The complaint incorrectly identifies this Count as "Count VIIII."

interview for later that day with Galajda. Plaintiff again denied leaking any information at the interview. Plaintiff was terminated on June 18, 2013. Plaintiff pursued a grievance procedure, but apparently did not complete all steps of the process.

B.

On August 12, 2013, plaintiff sued defendants in state court. On August 26, 2013, defendants removed the case to federal court. On August 29, 2013, plaintiff filed a motion to remand. Defendants responded on September 11, 2013. On September 12, 2013, defendants filed a partial motion to dismiss. On September 19, 2013, defendants filed an answer to the complaint. On October 1, 2013, plaintiff filed a response to defendants' motion to dismiss.

III. Discussion

A.

Removals of civil actions from federal court are governed by 28 U.S.C. §§ 1441–1454. Under the provisions of section 1441(a), any civil action brought in a state court over which the district courts have original jurisdiction may be removed by defendants. Under the plain language of the statute, a state-court action that originally could have been brought in federal court may be removed to federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. In determining whether a complaint arises under federal law and therefore poses a federal question, the court applies the well-pleaded complaint rule. See Loftis v. United Parcel Serv., Inc., 342 F.3d 509, 514 (6th Cir. 2003). Under this rule, federal jurisdiction exists when a federal question is presented

on the face of plaintiff's properly pleaded complaint.  Caterpillar, 482 U.S. at 392.  The Supreme Court has identified three situations in which a case could "arise under" federal law: (1) plaintiff's cause of action is created by federal law; (2) "some substantial, disputed question of federal law is a necessary element ... of the well-pleaded state claim;" or (3) the claim is "really" one of federal law.  Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983).

Here, the complaint alleges a federal claim under Count VIII, in which plaintiff alleges that she was deprived of procedural due process in relation to her termination.  This is a claim under Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985), which is a cognizable federal claim.  Plaintiff agrees this is a claim under federal law.[3]  Because the complaint presents a federal claim, removal was proper.  Plaintiff's argument to the contrary in favor of remand lacks merit.

B.

Although the case cannot be remanded on the grounds plaintiff asserted, that does end the inquiry.  28 U.S.C. § 1367 provides that "the district court shall have supplemental jurisdiction over all other claims that are so related to the claims in the

---

[3]Plaintiff also says that Count IX, titled "Disparate Treatment," presents a federal claim.  Count IX reads in full:
- 86. Plaintiff incorporates by reference Paragraphs 1-85
- 87. Plaintiff is a member of a protected class
- 88. Plaintiff suffered an adverse employment action
- 89. Plaintiff was treated differently than persons of a different class for the same or similar conduct

Putting aside defendants' argument this claim fails to state a plausible claim for relief as it fails to identify any law, state or federal, on which to base the alleged disparate treatment, the Court will assume for purposes of resolving the remand issue, that Count IX presents a federal claim.  Whether the claim withstands dismissal is another matter.

action within such original jurisdiction that they form a part of the same case or controversy." 28 U.S.C. § 1367(a). Section 1367(c) also provides that a district court may decline to exercise supplemental jurisdiction over state law claims if the state law claims "raise[] a novel or complex issue of State law," "substantially predominate[]" or in "exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(1), (2), (4). Indeed, courts agree that "the exercise of discretion ... is still informed by whether remanding the pendent state claims comports with the underlying objective of 'most sensibly accommodating' the values of 'economy, convenience, fairness and comity.'" Executive Software N. Am., Inc. v. U.S. Dist. Court, 24 F.3d 1545, 1557 (9th Cir.1994), overruled on other grounds by Cat. Dep't of Water Res. v. Powerex Corp., 533 F.3d 1087 (9th Cir.2008); see also H.R. Rep. No. 101–734, at 29 (1990), reprinted in 1990 U.S.C.C.A.N. 6860, 6875 (indicating that, under Gibbs[4] and "current law, subsection (c) requires the district court, in exercising its discretion, to undertake a case-specific analysis").

---

[4]In United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court broadly authorized federal courts to assert jurisdiction over state law claims when there existed a "common nucleus of operative fact" comprising "but one constitutional 'case,' " so long as the court had original jurisdiction over at least one claim. Gibbs, 383 U.S. at 725. While this decision granted district courts broad power over pendent state claims, it also recognized discretion in hearing such claims: "[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over the state claims ...." Id. at 726. The Supreme Court stated that pendent party jurisdiction may be denied "if the federal claims are dismissed before trial," if "it appears that the state issues substantially predominate," or "if the likelihood of jury confusion" would be strong without separation of the claims. Id. at 726–27. Congress later codified the power of a federal court to hear state claims under 28 U.S.C. § 1367 (2006). Thus, § 1367 technically superceded Gibbs.

Here, while Counts VIII and IX pertain to the circumstances of plaintiff's employment, it is clear that the complaint is based primarily on state law claims and raises novel issues of state employment law. The interests of judicial economy, convenience and fairness, and comity point in favor of sending plaintiff's state law claims under Counts I - VII back to state court.

## IV. Conclusion

For the reasons stated above. Counts VIII and IX are BIFURCATED. Counts I - VII are REMANDED to Genesee County Circuit Court.

The Court will separately consider defendants' motion to dismiss as it relates only to Counts VIII and IX once it has been fully briefed.

SO ORDERED.

                                         s/Avern Cohn
                                         AVERN COHN
                                         UNITED STATES DISTRICT JUDGE

Dated:  October 3, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 3, 2013, by electronic and/or ordinary mail.

                                         S/Sakne Chami
                                         Case Manager, (313) 234-5160